IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY RIGSBY, SHIRLEY CONRAD,
CATHERINE CONRAD and QUINCY NERI,

               Plaintiff,

     v.

ERIE INSURANCE COMPANY,
ERIC INSURANCE EXCHANGE,
RANDOLPH LEPAK, BOARDMAN & CLARK
and JEFFREY STORCH,

             Defendants.

OPINION and ORDER

14-cv-905-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     The four plaintiffs in this case are all representing themselves, but three of them are no strangers to litigation.  Plaintiffs Rodney Rigsby, Catherine Conrad and Quincy Neri have filed a dozen lawsuits in this court alone (and many more in state court), usually pro se and usually related to alleged violations of intellectual property rights.  Rigsby v. Miscik, No. 14-cv-23-bbc (W.D. Wis.); Conrad v. Batz, No. 13-cv-475-bbc (W.D. Wis.);  Conrad v. AM Community Credit Union, No. 13-cv-461-bbc (W.D. Wis.);  Neri v. Sentinel Insurance Company, No. 13-cv-382-jdp (W.D. Wis.); Neri v. Pinckney Holdings, LLC, No. 12-cv-600-slc (W.D. Wis.);  Conrad v. Bell, Moore & Richter, S.C., No. 11-cv-539-bbc (W.D. Wis.);  Neri v. Monroe, No. 11-cv-429-bbc (W.D. Wis.);  Conrad v. Bendwald, No. 11-cv-305-bbc (W.D. Wis.), Conrad v. Russell, No. 11-cv-570-bbc (W.D. Wis. );  Conrad v. Westport

1

Marine, Inc., No. 09-cv-49-bbc (W.D. Wis.); Conrad v. Madison Festivals, Inc., No. 09-cv-499-bbc (W.D. Wis.); Conrad v. Isthmus Publishing, Inc., No. 09-cv-566-bbc (W.D. Wis.). Conrad's first three lawsuits ended with settlements, but most of the other cases were dismissed for lack of merit. (The case against Bell, Moore & Richter was dismissed for lack of jurisdiction.) In the last case brought by Rigsby, Neri and Catherine Conrad, I concluded that all of the claims were legally frivolous and, because Conrad had been warned in previous cases, I directed her to show cause why she should not be sanctioned. Rigsby v. Miscik, No. 14-cv-23-bbc (W.D. Wis. Mar. 10, 2015). (The issue of sanctions has not yet been resolved in case no. 14-cv-23-bbc, so I do not decide what effect those sanctions could have on this case.)

In their complaint in this case, plaintiffs allege that Catherine Conrad was involved in a car accident in April 2014. Cpt. ¶15, dkt. #1. (Plaintiffs' 2014 lawsuit involved a car accident as well, but this case involves a different accident.) Conrad was covered by an insurance policy purchased by her mother, Shirley Conrad, from defendants Erie Insurance Company and Erie Insurance Exchange. Id. at ¶ 16. The accident injured Catherine Conrad to the extent that she is no longer able to perform as "The Banana Lady," as she has been doing for the last 27 years. Id. at 20.

Plaintiffs say that defendants violated their rights in a number of ways after the car accident. First, plaintiffs say that the Erie defendants and their agent, defendant Randolph Lepak, breached their contract with the Conrads by "not paying claims promptly or what Shirley Conrad paid for." Id. at ¶ 22. Although plaintiffs say that Catherine Conrad

2

accepted a $10,000 payment from Erie, she did so "under duress." Id. at ¶ 22.  Erie then canceled Shirley Conrad's insurance policy in bad faith.  Id. at  ¶ 28.

Plaintiffs' second claim relates to a lawsuit that plaintiff Catherine Conrad filed in state court against the Erie defendants and the other driver involved in the accident.  Conrad v. Erie Insurance Company, No. 2014CV1933 (Dane Cty. Cir. Ct.).  Defendant Boardman & Clark represented the Erie defendants.  Cpt. ¶ 30, dkt. #1.  Plaintiffs say that defendants Boardman & Clark and  Jeffrey Storch (a lawyer employed by the firm) may be held liable for breach of fiduciary duty and breach of contract and violations of Wis. Stat. § 893.53 because Rigsby was a witness to the accident, Boardman & Clark and Storch had represented Rigsby in other matters and Catherine Conrad and Neri had "met" with Storch regarding "possible representation" in 2011.  Id. at ¶ 30-32.  Although Rigsby was not a party to the state court case and plaintiffs do not allege that Storch was involved in the Erie defendants' representation, plaintiffs' theory seems to be that Boardman & Clark's representation of the Erie defendants was a conflict of interest.

Third, plaintiffs say that the Erie defendants and Lepak infringed plaintiffs' copyright by "distributing" plaintiffs' "work product from the auto accident."  Id. at ¶  56.  The only examples plaintiffs provided of the work at issue are "accident photos taken on Mr. Rigsby's cell phone" and "a written statement" of the other driver.  Id. at ¶ 36.

Two motions to dismiss are before the court, one filed by defendants Storch and Boardman & Clark, dkt. #8, and one filed by defendant Lepak and the Erie defendants, dkt. #11. Having reviewed the parties' submissions, I am granting the motions as to the

copyright claim because plaintiffs did not comply with the requirement of Fed. R. Civ. P. 8 to provide fair notice.  However, in accordance with Fed. R Civ. P. 15, I will give plaintiffs an opportunity to amend their complaint.  Because plaintiffs' state law claims are contingent on their federal copyright claim, I am denying the motions to dismiss as to the state law claims without prejudice to defendants' refiling them in the event that plaintiffs file an amended complaint.  If plaintiffs do not file an amended complaint, I will consider then whether to retain jurisdiction over the state law claims.

OPINION

As a basis for jurisdiction, plaintiffs rely on 28 U.S.C. § 1331 (federal question) for the federal copyright claim and on 28 U.S.C. § 1367 (supplemental) for the state law claims. In their complaint, plaintiffs also cite 28 U.S.C. § 1332, diversity of citizenship, but that statute does not seem to apply because plaintiffs' allegations suggest that plaintiffs and some of the defendants are citizens of Wisconsin.  Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 803 (7th Cir. 2009) (under § 1332, proponent of jurisdiction "must establish 'complete diversity,' meaning that no plaintiff may be from the same state as any defendant") (internal quotations omitted).  Plaintiffs did not respond to defendants' arguments in their briefs that § 1332 does not provide a basis for exercising subject matter jurisdiction in this case and plaintiffs did not ask to amend their complaint to include additional allegations about citizenship, so I treat that issue as conceded.

I will address plaintiffs' federal claim first.  In their opening brief, defendants raise

three arguments for dismissing the copyright claim: (1) plaintiffs failed to allege that they complied with the registration requirements of 17 U.S.C. § 411(a); (2) plaintiffs have not identified any work that is protected by copyright law; and (3) plaintiffs have not identified any infringing acts by defendants.

With respect to registration, plaintiffs allege in their opposition brief that they complied with § 411(a) by filing an application, paying the fee and depositing the works at issue, which is consistent with the standard I adopted in Rigsby v. American Family Mutual Insurance Co., No. 14-cv-23-bbc, 2014 WL 1515493, at *2 (W.D. Wis. Apr. 17, 2014) (citing Apple Barrel Products, Inc. v. Beard, 730 F.2d 384, 386 (5th Cir.1984), and Chicago Board of Education v. Substance, Inc., 354 F.3d 624, 631 (7th Cir. 2003)).  Defendants do not discuss the registration issue in their reply briefs, so I assume that they have abandoned that argument.

With respect to the question whether plaintiffs have identified any works protected by copyright law, the only works they identify in their complaint are "accident photos taken on Mr. Rigsby's cell phone" and the other driver's "written statement admitting to 100% responsibility for the accident."  Cpt. ¶ 36, dkt. #1.  Defendants argue that neither the photos nor the statement are an "original" work under copyright law.  17 U.S.C. § 102(a) ("Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression.").  In their opposition brief, plaintiffs do not identify how a statement written by someone else could qualify as *plaintiff's* original work, so I am granting defendants' motion to dismiss as to that statement.

5

This leaves the accident photos.  To be protected under copyright law, "a photograph . . . must have an element of originality [or, in other words] some modicum of creativity. . . . [M]ere depictions " are not enough.  <u>Conrad v. AM Community Credit Union</u>, 750 F.3d 634, 636-37 (7th Cir. 2014).  In their complaint, plaintiffs do not identify anything original or creative about the photographs.  As defendants point out, I dismissed a similar copyright claim brought by plaintiffs regarding photos of an accident because they did not identify anything creative about the photos.  <u>Rigsby</u>, 2014 WL 1515493, at *5.  In this case, plaintiffs try to avoid the same problem by arguing in their opposition brief that their photographs are original because Rigsby chose the "lighting and camera angles." Dkt. #17 at 23.  However, *every* photograph must be taken at some angle and in some light.  Plaintiffs do not identify any conscious choices they made regarding lighting or camera angles for the purpose of being "original."  Without more specific allegations, I decline to find that photographs of a car accident qualify as an original work under copyright law.  <u>Feist Publications, Inc. v. Rural Telephone Service Co.</u>, 499 U.S. 340, 362 (1991) ("The standard of originality is low, but it does exist. . . [T]he Constitution mandates some minimal degree of creativity, . . . and an author who claims infringement must prove the existence of . . . intellectual production, of thought, and conception.") (internal quotations and citations omitted).

A second problem with the copyright claim is that plaintiffs do not identify with any specificity what defendants did to infringe plaintiffs' alleged copyright.  They say only that defendants "distribut[ed] [plaintiffs'] work to their affiliated Erie companies."  Cpt. ¶ 56,

dkt. #1.   Presumably, plaintiffs are referring to 17 U.S.C. § 106(3), which gives the copyright owner the exclusive right to "distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending."   However, defendants do not explain how defendants "distributed" plaintiffs' work, what work plaintiffs believe that defendant distributed, what the foundation is for their belief and whether "Erie companies" include an entity other than defendants themselves.

Plaintiffs do *not* allege that defendants obtained plaintiffs' photos without plaintiffs' permission.   If plaintiffs gave defendants the photographs, then plaintiffs would have no right to control what defendants did with those photographs, unless defendants made additional copies, but plaintiffs do not allege that either. 17 U.S.C. § 109(a) ("[T]he owner of a particular copy . . . lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy."); Kirtsaeng v. John Wiley & Sons, Inc., 133 S. Ct. 1351, 1354-55 (2013) ("[E]ven though § 106(3) forbids distribution of a copy of [a] copyrighted [work] without the copyright owner's permission, § 109(a) adds that, once a copy of [the work] has been . . . lawfully transferred . . ., the buyer [or owner] of that copy and subsequent owners are free to dispose of it as they wish.").   Certainly, defendants would not be infringing a copyright simply by allowing their own employees to view documents that plaintiffs provided them.   Green v. U.S. Cash Advance Illinois, LLC, 724 F.3d 787, 790 (7th Cir. 2013) ("The list of exclusive rights, 17 U.S.C. § 106, does not include a right to control how the owner of a copy uses the information it contains.").   Even if plaintiffs did not intend

7

to transfer ownership of the photographs, plaintiffs may have given defendants an implied license to copy or distribute photographs for the purpose of evaluating the claim if plaintiffs gave the photographs to defendants in the context of making an insurance claim. ITOFCA, Inc. v. MegaTrans Logistics, Inc., 322 F.3d 928, 940 (7th Cir. 2003) ("A copyright owner can grant a nonexclusive license orally, or [one] may even be implied from conduct. In fact, consent given in the form of mere permission or lack of objection is also equivalent to a nonexclusive license and is not required to be in writing.") (internal quotations and alterations omitted).

Although the federal pleading rules are liberal, plaintiffs must give defendants fair notice of their claim. Fed. R. Civ. P. 8. Particularly in light of plaintiffs' history of including false and misleading allegations in their complaints, I decline to infer from such vague allegations that defendants violated plaintiffs' rights. E.g., Rigsby v. Miscik, No. 14-cv-23-bbc, slip op. at 9-10 (W.D. Wis. Mar. 10, 2015) (finding that plaintiffs alleged falsely that defendant had not paid Rigsby as promised); Conrad v. Bendewald, No. 11-cv-305-bbc, slip op. at 3 (finding no factual basis for plaintiff's allegation that defendants videotaped her without permission).

It is possible that plaintiffs could add more allegations to their complaint to cure the deficiencies regarding their allegedly protected works and defendants' allegedly infringing acts. Because the general rule is that plaintiffs are entitled to one opportunity to amend a deficient complaint, Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011), I am granting defendants' motions to dismiss as they relate to the copyright claim, but the

dismissal will be without prejudice so that plaintiffs may file an amended complaint that fixes the problems discussed in this order.

All of plaintiffs' remaining claims arise under state law. Under 28 U.S.C. § 1367(c)(3), the general rule is that courts should decline to exercise supplemental jurisdiction over state law claims if the federal claims are dismissed during the early stages of the lawsuit. E.g., Segal v. Geisha NYC LLC, 517 F.3d 501, 506 (7th Cir. 2008). Accordingly, it would be premature to consider any arguments about plaintiffs' state law claims until I determine whether their copyright claim may proceed. Accordingly, I am denying defendants' motion to dismiss plaintiffs' state law claims without prejudice to defendants' refiling those motions if plaintiffs file an amended complaint with additional allegations regarding the copyright claim.

If plaintiffs choose to file an amended complaint, that complaint must include *all* of the claims and factual allegations that plaintiffs wish to assert in this case. They may not simply file a supplemental pleading limited to the copyright claim. This is because, once a plaintiff files an amended complaint, it "supersedes an original complaint and renders the original complaint void." Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004). See also Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999)("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). In other words, a case may have one operative pleading only; a plaintiff may not add to a complaint in piecemeal fashion. As I have informed other pro se plaintiffs, "parties are not allowed to amend a

pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket.  If [plaintiffs] wish to amend their complaint, they must file a proposed amended complaint that will completely replace the original complaint. . . . [T]here can be only one operative complaint in the case." Boriboune v. Berge, No. 04-C-15-C, 2005 WL 256525, *1 (W.D. Wis. Jan. 31, 2005).

The reason for such a rule is plain enough.  If the "operative pleading" consists of multiple documents, the scope of the plaintiff's claims becomes unclear and it becomes difficult if not impossible for the defendants to file an answer.  To avoid ambiguity, the complaint must be self-contained.  Thus, if plaintiffs file an amended complaint and they omit any claims from the original complaint, I will construe the omission as a decision to abandon those claims.

Finally, I note that another potential problem with plaintiffs' copyright claim is a defense under 17 U.S.C. § 707, which states that copying or distributing a protected work is not infringement if the defendants' conduct qualifies as "fair use."  The statute lists four nonexclusive factors that may inform a "fair use" determination:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

Id.

10

In this case, there is a strong argument that defendants' alleged conduct qualifies as "fair use." Plaintiffs do not explain why they gave defendants the photographs, but in light of plaintiffs' other allegations that the three defendants named on this claim were insurers for Catherine Conrad and Shirley Conrad and that the photographs were related to the car accident, the only reasonable inference is that plaintiffs provided the photographs as part of the review of the Conrads' insurance claim. It is difficult to imagine how it could not be fair use for an insurer to copy or distribute a photograph for the purpose of evaluating an insured's claim. Under that scenario, defendants would not be seeking to make any money off the photographs, to compete with plaintiffs or to confuse consumers. Further, plaintiffs do not suggest that they were harmed in any way by defendants' use of the photographs. Kienitz v. Sconnie Nation LLC, 766 F.3d 756, 758-59 (7th Cir. 2014) (fair use applied when defendants were not interfering with plaintiff's commercial interests in copyrighted work); Neri v. Monroe, 726 F.3d 989, 993 (7th Cir. 2013) (factors relevant to fair use include whether defendant was selling copyrighted work or hurt potential demand for that work). Thus, any copying in this context seems analogous to copying in the context of litigation, which many courts have held is an example of fair use. E.g., Denison v. Larkin, No. 1:14-CV-01470, 2014 WL 3953637, at *5 (N.D. Ill. Aug. 13, 2014) (citing cases).

The Erie defendants and defendant Lepak did not raise the issue of fair use in their motion to dismiss. Defendants Boardman & Clark and Storch mention fair use in their opening brief, dkt. #9 at 6, but they do not develop the argument. This may be because defendants often wait to seek dismissal on an affirmative defense until after they have filed

11

an answer.  <u>Brownmark Films, LLC v. Comedy Partners</u>, 682 F.3d 687, 690 (7th Cir. 2012) ("Courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses.").  However, it is well-established that, "when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion."  <u>Muhammad v. Oliver</u>, 547 F.3d 874, 878 (7th Cir. 2008).

Because the parties did not develop arguments about fair use, I decline to resolve the case on that ground at this time.  <u>Neri</u>, 726 F.3d at 993 ("[T]he parties have not come to grips on the fair-use issue, so we cannot resolve it on appeal.").  However, if plaintiffs choose to file an amended complaint, they may wish to include any additional facts they have relevant to the issue of fair use.

### ORDER

IT IS ORDERED that

1.  The motions to dismiss filed by defendants Boardman & Clark and Jeffrey Storch, dkt. #8, and defendants Randolph Lepak, Erie Insurance Exchange and Erie Insurance Company, dkt. #11, are GRANTED with respect to the copyright claim and DENIED as premature with respect to the state law claims.

2.  Plaintiffs Shirley Conrad, Catherine Conrad, Rodney Rigsby and Quincy Neri may have until March 31, 2015, to file an amended complaint.  If plaintiffs do not respond by that date, I will dismiss their copyright claim with prejudice and then consider whether to

retain jurisdiction over plaintiffs' state law claims in accordance with 28 U.S.C. §
1367(c)(3).

Entered this 16th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13